UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TZU-HSIANG TUNG,

Plaintiff,

-against-

JADE SPOON ASIAN CUISINE INC.;
WAI YUNG a/k/a WAY LIANG, as an individual;
HI LING KWOK, as an individual; and
YI GAO, as an individual,

Defendants.
-----------------------------------------------------------x

**DECISION AND ORDER**

21 Civ. 10651 (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

Plaintiff Tzu-Hsiang Tung commenced this action on December 13, 2021, ECF No. 1, and on February 9, 2022, filed the First Amended Complaint, which asserts claims against Defendants Jade Spoon Asian Cuisine Inc., Wai Yung a/k/a Way Liang, Hi Ling Kwok, and Yi Gao ("Defendants") for violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the Wage Theft Prevention Act ("WTPA") based on Defendants' alleged failure to pay the minimum wage, failure to pay overtime wages, failure to provide wage notices, failure to provide wage statements, failure to provide "spread-of-hours" pay, and failure to pay timely wages, ECF No. 16. Before the Court is the parties' application for approval of a settlement agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). ECF No. 23 ("*Cheeks* Application" or "Application"). For the reasons that follow, the motion for approval of the proposed settlement agreement is DENIED WITHOUT

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 21.

PREJUDICE. The parties may reapply for approval of a settlement agreement that is revised in accordance with this Decision and Order.

**DISCUSSION**

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020). Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). When reviewing a proposed settlement agreement in an FLSA case, district courts consider the "totality of circumstances," *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to assess whether the agreement is fair and reasonable, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky*, 900 F. Supp. 2d at 335). In addition, the following factors "weigh against approving a settlement":

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted). "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St. Marks, Inc.*, No. 14-cv-9063, No. 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

Having reviewed the parties' *Cheeks* Application, the Court finds that there are deficiencies in the Application and the corresponding proposed settlement agreement, ECF No. 23-1 ("Proposed Settlement Agreement"), that preclude approval of the settlement at this time.

## I. The *Cheeks* Application and Proposed Settlement Agreement Are Deficient

*First*, the *Cheeks* Application fails to adequately explain Plaintiff's calculations for potential recovery, which makes it impossible for the Court to evaluate the merits of the proposed settlement. *See Cronk*, 2021 WL 38264, at *4 (rejecting proposed settlement agreement where "Plaintiff [did] not provide an explanation of the methodology used to calculate th[e] amount, or the underlying data on which the calculation is based"). The Proposed Settlement Agreement provides for a total settlement payment of $25,000. *Cheeks* Application at 2; Proposed Settlement Agreement § 1. According to Plaintiff's (undisclosed) calculations, Defendants are liable to him for "approximately $18,960 in base lost wages (including spread of hours), not including liquidated damages, and an additional $10,000 in WTPA penalties." *Cheeks* Application at 2. But nowhere in the *Cheeks* Application or the appended exhibits do the parties explain how Plaintiff arrived at the $18,960 figure.[2] In a revised *Cheeks* application,

[2] According to Plaintiff's counsel's time records provided with the *Cheeks* Application, counsel appears to have drafted and provided to Defendants a "spreadsheet" on February 7, 2022. *See* ECF No. 23-2 at 2. To the extent this spreadsheet contains the wage and hour figures that are the basis of Plaintiff's calculations, submitting the spreadsheet to the Court potentially could address this issue.

Plaintiff should clearly state the basis for Plaintiff's calculation of "approximately $18,960 in base lost wages (including spread of hours)." *Cheeks* Application at 2.

*Second*, the Proposed Settlement Agreement itself is deficient because it does not specify how the $25,000 settlement payment is to be divided between Plaintiff and his attorney. The parties set forth in the *Cheeks* Application that "of the $25,000 settlement amount, $8,333 is allocated to Plaintiff's counsel" including "$627 for filing fees, services, and mediation." *Cheeks* Application at 2-3. However, this proposed distribution plan does not appear anywhere in the Proposed Settlement Agreement itself. Rather, the Proposed Settlement Agreement says only that "Defendants agree to pay the total gross sum of $25,000 (twenty-five thousand dollars) (the 'Settlement Amount') apportioned as follows: (a) One check in the amount of $25,000 (twenty-five thousand dollars) (without withholdings), on or before 30 days after court approval, made payable to 'Raymond Nardo, P.C.'" Proposed Settlement Agreement § 1(A)(a) (emphasis omitted). The Proposed Settlement Agreement does not include any discussion of attorney's fees. The Court cannot approve an FLSA settlement that, as written, could allow counsel to potentially recover a larger fee than what is approved by the Court. The purpose of requiring judicial approval of FLSA settlements is to protect employees' rights and ensure employees benefit when their FLSA claims are settled. *See Cheeks*, 796 F.3d at 206-07 (noting "the potential for abuse in such settlements," as well as "the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees," and observing that "the need for such employee protections, even where the employees are represented by counsel, remains"). Notwithstanding the thorough discussion of attorney's fees in the *Cheeks* Application, the Proposed Settlement Agreement's silence as to the allocation of the settlement proceeds provides insufficient protection to Plaintiff.

For a revised settlement agreement to be approved, it must clearly state the exact dollar amount to be paid to Plaintiff's counsel in attorney's fees and expenses.

*Third*, the *Cheeks* Application is incomplete because Plaintiff's counsel, in seeking reimbursement for certain litigation expenses, has not provided documentation for each cost. *See Cheeks* Application at 2-3; ECF No. 23-2. Counsel in FLSA cases may be awarded "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients"; however, "[t]he requesting party must substantiate the request for costs." *Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *6 (S.D.N.Y. June 20, 2016). Counsel seeks costs of $627 and has listed filing fees and service of process as litigation "expenses." ECF No. 23-2. While the record contains adequate substantiation of the filing fee, *see Cortes*, 2016 WL 3455383, at *6 ("[c]ourt fees reflected on the Court's docket are sufficiently substantiated"); ECF No. 1 (docket text listing "Filing Fee $ 402.00"), counsel must provide the Court with documentation of the $225 service of process fee via "extrinsic proof, such as invoices or receipts" or a "sworn statement or declaration under penalty of perjury," *Cortes*, 2016 WL 3455383, at *6.

*Fourth*, the release provisions of the Proposed Settlement Agreement are flawed. Section three of the Proposed Settlement Agreement contains two paragraphs, both of which purport to release Defendants from claims related to the subject lawsuit. Proposed Settlement Agreement § 3. Confusingly, the second paragraph refers to a release and discharge of "Defendants, including each of their current and former predecessors, successors, assigns, employees, partners, owners, shareholders, affiliates, attorneys and agents," whereas the first paragraph of this section refers to only to a release and discharge of "Defendants." *Id.* Elsewhere, the Proposed Settlement Agreement refers to "Released Parties," *see id.* at 3, 5, but it is not clear which individuals and/or

entities are encompassed by this undefined term. In a revised settlement agreement, the term "Released Parties" must either be defined or removed.

*Fifth*, the Proposed Settlement Agreement contains a non-disparagement clause that must be revised to align with well-settled caselaw in this District. Non-disparagement clauses are permitted in FLSA settlement agreements, but must contain carve-outs to permit "truthful statements about plaintiffs' experience litigating their case." *See, e.g.*, *Ramos Pelico v. PGNV, LLC*, No. 18-cv-09761 (PAC), 2019 WL 2710176, at *3 (S.D.N.Y. June 28, 2019); *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-cv-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015). The non-disparagement provision in the Proposed Settlement Agreement allows the parties here to "make truthful statements about their employment relationship." Proposed Settlement Agreement § 4. There is ambiguity as to whether the language allowing for truthful statements about the parties' "employment relationship" is broad enough to also encompass truthful statements about Plaintiff's experience litigating this case. Accordingly, for avoidance of doubt, the parties are directed to revise the non-disparagement clause to expressly permit truthful statements about Plaintiff's experience litigating this case, in addition to whatever other truthful statements the parties wish to allow as part of the settlement.

## II. The Remainder of the *Cheeks* Application is Sufficient to Warrant Approval

Except as set forth above, the *Wolinsky* factors counsel in favor of approval of the proposed settlement. As a general matter, the Court is satisfied that a settlement in this matter will enable the parties to avoid significant additional expenses and burdens associated with establishing their claims and defenses, including those attendant to conducting discovery, engaging in motion practice, and trial. *See Cheeks* Application at 2.

Both parties would face significant litigation risks if this case proceeds to trial. Plaintiff concedes that his recovery calculations are "based on an optimistic, best-case scenario outcome, and assume that all of the disputed facts alleged by Plaintiff are entirely correct, and that Plaintiff would prevail on all claims." *Id*. But such an outcome is far from certain. Defendants dispute the hours Plaintiff claims to have worked, argue Plaintiff was properly compensated for all hours worked, and generally deny Plaintiff's allegations. *See generally* ECF No. 17 (Defendants' Answer asserting twenty-one affirmative defenses); *see also Cheeks* Application at 2 ("For instance, Defendant disputes the hours Plaintiff worked."). It is certainly possible that Plaintiff could recover nothing at all if he were to proceed to trial. On the contrary, Defendants have considered that should Plaintiff succeed at trial, their exposure could be significant—regardless of the dollar value of Plaintiff's recovery—due to the FLSA's fee shifting mechanism. *Cheeks* Application at 2. Because of the anticipated risks and costs involved in pursuing this matter through discovery and trial, settlement is an effective means of resolving the litigation for both parties.

The Court also is satisfied that the proposed settlement is the result of arm's-length negotiation undertaken by competent counsel. To reach the settlement, counsel participated in mediation through the Court's mediation program. *Id.* The Court also has no reason to believe that the proposed settlement is the product of fraud or collusion.

The release provision—though it contains the problematic undefined term discussed in Section I, *supra*—is appropriately limited to wage and hour claims. *See* Proposed Settlement Agreement § 3; *Illescas v. Four Green Fields LLC*, No. 20-cv-9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021) (approving release provision where "release of claims is limited to the wage-and-hour issues asserted in this action or related claims that could have been asserted").

Here, the release is limited to claims "relating specifically to the allegations contained in the [a]ction," and to claims asserted under federal, state, or local wage and hour laws. *See* Proposed Settlement Agreement § 3. Additionally, there are no confidentiality provisions in the proposed agreement that preclude approval.

With respect proposed attorney's fees and costs, Plaintiff's counsel has requested a total of $8,333, consisting of $7,706 in fees and $627 in costs. *See Cheeks* Application at 2-3. The attorney's fees would amount to approximately 31 percent of the overall settlement, which is fair and reasonable in the context of this case. "Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Santos v. YMY Mgmt., Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (quotation marks and brackets omitted). "However, even when the proposed fees do not exceed one third of the total settlement amount, courts in this Circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* at *2 (quotation marks omitted). Applying the lodestar method, Plaintiff's counsel spent a total of 12.8 hours on this case at an hourly rate of $450, which represents a lodestar total of $5,760 in attorney's fees. ECF No. 23-2. The hourly rate of $450 per hour is within the bounds of reasonableness for an attorney with more than 30 years of experience in the practice of labor and employment law who dedicates a substantial percentage of his time to FLSA wage and hour litigation. *See* Cheeks Application at 3; *Quispe v. Stone & Tile Inc.*, No. 20-cv-4682 (KAM) (MMH), 2022 WL 960926, at *6 (E.D.N.Y. Feb. 1, 2022) (finding hourly rate of $500 reasonable for "solo practitioner with over 20 years' litigation experience"); *Meide Zhang v. Liang Zhang*, No. 16-cv-4013 (LGS) (SLC), 2020 WL 9256464, at *6 (S.D.N.Y. Dec. 21, 2020) (awarding $450 per hour to plaintiff's attorney with "substantial litigation experience"), *report and recommendation adopted as modified on other grounds sub*

*nom. Zhang v. Zhang*, 2021 WL 1154084 (S.D.N.Y. Mar. 26, 2021); *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 27-28 (S.D.N.Y. 2015) (awarding $450 per hour to plaintiff's attorneys "given, *inter alia*, typical wage-and-hour litigation fee awards in this district, the likely overhead burdens of [plaintiff's attorneys], the lack of novelty and complexity of this fairly standard FLSA action, and the backgrounds and experience of these two attorneys"). The 12.8 hours of billable work represents an appropriate use of time given the straightforward nature of this case and the point at which the case was resolved.

"In determining whether and to what extent to award a multiplier, courts consider the same factors as those relevant to determining the reasonableness of a fee generally: the time and labor expended by counsel; the magnitude and complexities of the litigation; the risk of the litigation; and so forth." *Hernandez v. Boucherie LLC*, No. 18-cv-7887 (VEC), 2019 WL 3765750, at *7 (S.D.N.Y. Aug. 8, 2019). Here, the total fees sought by counsel represent a lodestar multiplier of approximately 1.34, which is fair and reasonable for this matter.[3] *See, e.g.*, *id.* (awarding lodestar multiplier of 1.3 in "straightforward FLSA litigation that was neither large nor complex").

Finally, none of the factors set forth in *Wolinsky* that counsel against approving a settlement exist in this case. This is a case involving an individual Plaintiff—the Court is not aware of other employees who are similarly situated to Plaintiff, and Plaintiff will be the only employee affected by a settlement and dismissal of the lawsuit. Given that the employment relationship between Plaintiff and Defendant has ended, *see Cheeks* Application at 2 ("Plaintiff worked for Defendants from approximately June 1, 2021 through November 16, 2021"); ECF

[3] In the Application, counsel erroneously list the lodestar multiplier at 1.2. *See Cheeks* Application at 3. The lodestar amount is $5,760 (12.8 hours x $450 per hours) and counsel has requested $7,706 in fees, which results in a multiplier of 1.34 ($7,706 ÷ $5,760 = 1.3378).

No. 16 ¶ 43 (alleging "Defendants terminated Plaintiff"), there is no likelihood that the circumstances that gave rise to this lawsuit will recur. The Court is not aware of a history of FLSA non-compliance by this employer, and the pleadings in this matter do not appear to raise novel factual or legal issues that would further the development of law in this area.

**CONCLUSION**

For the reasons set forth above, considering the "totality of the circumstances," *Wolinsky*, 900 F. Supp. 2d at 335, the parties' motion for approval of the Proposed Settlement Agreement, filed at ECF No. 23, is hereby DENIED WITHOUT PREJUDICE to the parties reapplying for approval of a settlement agreement that is revised in accordance with this Decision and Order. The parties are hereby directed to submit a revised *Cheeks* application and a proposed revised settlement agreement by June 2, 2022.

Dated: May 3, 2022
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge